**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEREMY HIGHTOWER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:22-cv-00265-JMB |
| | ) | |
| MICHELE BUCKNER, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on review of petitioner Jeremy Hightower's petition

for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). For the reasons discussed

below, the petition will be denied and dismissed as successive. *See* 28 U.S.C. § 2244(b).

**Background**

Hightower is a self-represented litigant who is currently incarcerated at the South Central

Correctional Center in Licking, Missouri. On July 7, 2005, he pleaded guilty to second-degree

murder, armed criminal action, and possession of a controlled substance. *State of Missouri v.*

*Hightower*, No. 22041-02027-01 (22nd Jud. Cir., City of St. Louis).[1] On August 26, 2005, he was

sentenced to life in prison with the possibility of parole on both the second-degree murder and

armed criminal action convictions, and seven years for the possession conviction. The sentences

were run concurrently to each other. Hightower did not file a direct appeal.

---

[1] Hightower's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that a district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

On November 8, 2005, Hightower filed a postconviction motion under Missouri Supreme Court Rule 24.035.[2] *Hightower v. State of Missouri*, No. 2205P-04744 (22nd Jud. Cir., City of St. Louis). The motion was dismissed with prejudice on March 22, 2006, apparently after Hightower's counsel filed a motion for voluntary dismissal. Hightower did not file an appeal.

Approximately ten years and nine months later, Hightower filed a motion to set aside in the state circuit court. *Hightower v. State of Missouri*, No. 1722-CC00010 (22nd Jud. Cir., City of St. Louis, Jan. 3, 2017). The circuit court appointed an attorney for the sole purpose of showing cause as to why the motion should not be dismissed as untimely. Following a case review hearing, the circuit court ordered Hightower's counsel to provide affidavits regarding the issue of abandonment. In other words, the circuit court wanted to know whether counsel in Hightower's 2005 postconviction motion had abandoned him by filing a motion for voluntary dismissal that Hightower had not signed.

On March 12, 2018, the motion was denied as successive. The circuit court determined there had been no abandonment as it appeared that Hightower's 2005 counsel was authorized to file the voluntary dismissal. Even if there had not been authorization, laches applied to prevent Hightower from attempting to resurrect his postconviction motion after allowing it "to languish for a decade without any attempt to determine its status or otherwise ensure that it is proceeding."

Hightower appealed the denial of his postconviction motion. *Hightower v. State of Missouri*, No. ED106580 (Mo. App. 2018). While the appeal was pending, he filed a petition for a writ of mandamus in the Missouri Court of Appeals. *State ex rel. Hightower v. Dierker*, No. ED106675 (Mo. App. 2018). In his writ of mandamus, he sought immediate release, arguing that

---

[2] Rule 24.035 allows a person who has been convicted after a guilty plea to seek relief on the grounds "that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States." Mo. S.Ct. R. 24.035(a).

the State of Missouri had failed to re-indict him when he agreed to plead guilty to a lesser murder

charge. The writ of mandamus was denied on May 3, 2018, the day after it was filed. Meanwhile,

on June 6, 2018, Hightower's appeal was dismissed for failure to comply with Missouri Supreme

Court Rules 81.12(d) and 81.18. *Hightower v. State of Missouri*, No. ED106580 (Mo. App. 2018).

The mandate was issued on June 29, 2018.

On June 7, 2018, Hightower filed another postconviction motion pursuant to Rule 24.035.

*Hightower v. State of Missouri*, No. 1822-CC10485 (22nd Jud. Cir., City of St. Louis). While the

motion was pending, he filed a petition for a writ of prohibition in the Missouri Court of Appeals,

arguing that his conviction was void because of the absence of a "file stamp" on his indictment.

*State ex rel. Hightower v. Dierker*, No. ED107315 (Mo. App. 2018). The petition was denied on

November 14, 2018. His postconviction motion was denied by the circuit court on February 21,

2019 as untimely. *Hightower v. State of Missouri*, No. 1822-CC10485 (22nd Jud. Cir., City of St.

Louis).

On November 19, 2020, Hightower filed a petition for writ of habeas corpus pursuant to

28 U.S.C. § 2254 in the United States District Court for the Eastern District of Missouri. *Hightower*

*v. Vandergriff*, No. 4:20-cv-1701-MTS (E.D. Mo.). The Court ordered him to show cause as to

why his action should not be dismissed as time-barred. On December 28, 2020, the Court received

his response, in which he argued that the criminal charges against him were "not indeed charged

to him but a corporate entity of which petitioner is the sole beneficiary." As support for this

contention, he noted that the indictment against him spelled his name using all capital letters, which

"is the way to identify a corporation." Hightower also asserted that due to the Federal Reserve Act,

the Uniform Commercial Code (UCC) was "the proper means for relief." On January 7, 2021, the

Court denied and dismissed his § 2254 petition as time-barred. In its order, the Court explained

3

that Hightower had not filed his § 2254 petition within one year from the date his judgment became

final. Additionally, his show cause response made only frivolous assertions that he was immune

from prosecution under the UCC. Hightower did not file an appeal.

The instant action was received by the United States District Court for the Western District

of Missouri on February 22, 2022. On February 24, 2022, the Western District transferred the

matter to this Court.

**The Petition**

Hightower brings this action pursuant to 28 U.S.C. § 2254, challenging his conviction and

sentence in *State of Missouri v. Hightower*, No. 22041-02027-01 (22nd Jud. Cir., City of St. Louis).

(Docket No. 1 at 1). He asserts two separate grounds for relief. First, he alleges "Tax Fraud."

(Docket No. 1 at 5). Specifically, he explains that the State of Missouri "issued [a] true bill for one

million dollars in [his] name without [his] consent," and that under the UCC, "a defendant is not

liable on an instrument he has not signed." Second, he contends that the State of Missouri failed

to arraign him because his public defender appeared in his place at the arraignment. (Docket No.

1 at 6). As a result, he seeks the "discharge of bond" and his "immediate release from state

custody." (Docket No. 1 at 13).

**Discussion**

Hightower is a self-represented litigant who brings this petition pursuant to 28 U.S.C.

§ 2254. For the reasons discussed below, the petition must be denied and dismissed because it is

successive. *See* 28 U.S.C. § 2244(b).

**A.  Successive Petition**

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to all

petitions for federal habeas relief filed by state prisoners after the statute's effective date of April

4

24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326-29 (1997). Under the AEDPA, there is a "stringent

set of procedures" that a state prisoner "must follow if he wishes to file a second or successive

habeas corpus application challenging that custody." *Burton v. Stewart*, 549 U.S. 147, 152 (2007).

Generally, a claim presented in a "successive habeas corpus application under section 2254

that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). For claims

in a successive application that were not presented in a prior application, however, "the applicant

shall move in the appropriate court of appeals for an order authorizing the district court to consider

the application." 28 U.S.C. § 2244(b)(3)(A). *See also Boyd v. United States*, 304 F.3d 813, 814

(8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite

under 28 U.S.C. § 2244(b)(3)…to the filing of a second or successive habeas petition").

As discussed above, Hightower filed a prior 28 U.S.C. § 2254 petition for writ of habeas

corpus in this Court on November 19, 2020. The petition was denied and dismissed as time-barred

on January 7, 2021. Hightower did not file an appeal.

The dismissal of a federal habeas petition on the basis of untimeliness is a determination

on the merits for purposes of the successive petition rule. *See Quezada v. Smith*, 624 F.3d 514,

519-20 (2d Cir. 2010) (holding "that dismissal on a § 2254 petition for failure to comply with the

one-year statute of limitations constitutes an adjudication on the merits that renders future petitions

under § 2254 challenging the same conviction second or successive petitions under § 2244(b)");

*McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (holding "that the dismissal of a habeas

petition as untimely constitutes a disposition on the merits and that a further petition challenging

the same conviction would be second or successive for purposes of 28 U.S.C. § 2244(b)"); and

*Murphy v. Klein Tools, Inc.*, 935 F.2d 1127, 1128-29 (10th Cir. 1991) (holding that "a dismissal

on limitations grounds is a judgment on the merits"). *See also Young v. Lawrence*, 2015 WL

851448, at *1 (E.D. Mo. Feb. 26, 2015) (stating that the "dismissal of a habeas petition on the ground of untimeliness is a determination on the merits for the purposes of the successive petition rule"), *certificate of appealability denied by Young v. Lawrence*, No. 15-1896 (8th Cir. 2015). As such, the instant petition is successive.

To the extent Hightower seeks to relitigate claims he brought in his original 28 U.S.C. § 2254 petition, those claims must be dismissed pursuant to 28 U.S.C. § 2244(b)(1). To the extent that he seeks to bring new claims for habeas relief, he must first obtain leave from the United States Court of Appeals for the Eighth Circuit before bringing those claims in this Court. *See* 28 U.S.C. § 2244(b)(3)(A). He has not been granted leave to file a successive habeas petition by the Court of Appeals. As such, the petition must be denied and dismissed as successive.

## B. Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall undertake a preliminary review of 28 U.S.C. § 2254 petitions. In addition, the rule provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the petition must be dismissed. In this case, it plainly appears that Hightower is not entitled to relief because he has previously filed a § 2254 petition in this Court, making the instant petition successive.

## C. Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"). In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right.

*See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Hightower has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Jeremy Hightower's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) is **DENIED AND DISMISSED AS SUCCESSIVE**. *See* 28 U.S.C. § 2244(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 9th day of March, 2022.